IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | | |
|---|---|---|
| CHERYL KRIEGER, | ) | Civil No. 04-1570-JE |
| | ) | |
| Plaintiff, | ) | |
| | ) | ORDER |
| v. | ) | |
| | ) | |
| NORTH FACE INN, LLC, an Oregon corporation, dba Mt. Hood Meadows Ski Resort, | ) ) ) | |
| | ) | |
| Defendant. | ) | |

JELDERKS, Magistrate Judge:

   Plaintiff Cheryl Krieger brings this age discrimination action against her former employer, defendant North Face Inn, LLC. Defendant moves for summary judgment. I deny the motion.

## BACKGROUND[1]

Defendant operates the Cooper Spur Mountain Resort on Mt. Hood. Mt. Hood Meadows Oregon Limited Partnership (Meadows), operates the Mt. Hood Meadows ski area.

David Porter, the Inn's manager, hired plaintiff to be an administrative assistant starting in March 2003. As administrative assistant, plaintiff worked at the Inn's front desk, answering the phone, greeting guests, taking reservations, tending the grounds, and helping in the restaurant. Plaintiff was also responsible for bookkeeping, including the daily reconciliation of sales and receipts, reviewing the restaurant's daily reports, submitting the daily reports to the Meadows accounting office, handling cash deposits, billing hotel guests, and forwarding unpaid bills to the Meadows accounting office for collection.

Shortly after plaintiff began working, Dave Riley, the general manager of Mt. Hood Meadows, said at a management meeting that he was disappointed because plaintiff "did not 'fit the image we want' and he did not want [plaintiff] to be the first person that people see when they enter the resort." Porter Aff. at 2. Riley said, "'we want a young, attractive

---

[1] The following background statements are not findings of fact and are not relevant for any purpose other than resolving defendant's motion for summary judgment. The background is presented in the light most favorable to plaintiff, the non-moving party. T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 630-31 (9th Cir. 1987).

ORDER - 2

woman to be out front.'" Id. Riley said that from then on, either he or Tom Bissell, director of resort operations, would view all potential employees before hiring.

Porter states that after the meeting, Bissell told him to hire employees based on the following test: "If you are drunk and it is 3 AM and you see a girl at the end of the bar, if you wouldn't [want to have sex with] her, don't hire her." Id. Porter states that Bissell pressured him to "get rid" of plaintiff, using plaintiff's difficulties with her bookkeeping duties as the reason for termination.

John Wilkins, who worked as defendant's dining room manager from August to November 2003, states that he heard "management-level employees of defendant make numerous derogatory comments about [plaintiff's] age and personal appearance." Wilkins Aff. at 1. Wilkins states that he heard Bissell say that plaintiff "doesn't fit our image" and that "we need to get rid of her." Id. at 2. Wilkins states that Riley also made derogatory comments about plaintiff's age and appearance.

Defendant states that starting in May and June 2003, plaintiff made frequent bookkeeping errors. By July 2003, plaintiff was consistently behind in reconciling the daily reports. Porter states that plaintiff

> was having some difficulty with completing all of
> the tasks which were demanded of her. Part of the
> problem was that the Mt. Hood Meadows Accounting
> Department kept changing the accounting procedures

ORDER - 3

> on a regular basis, but they did not provide
> [plaintiff] with any training on how to adapt to the
> new procedures. For instance, on one occasion, the
> entire accounting system was changed to an accrual
> method and [plaintiff] was only given one day's
> notice of the change and was not provided any
> training on how to adapt to the new system.

Porter Aff. at 3. Porter states that Bissell denied his requests to give plaintiff training. Porter also states that for months he asked in vain for permission to hire a second person to work at the front desk because plaintiff's assigned duties were too much for one person. Porter considered plaintiff to be a very hard worker who was an asset to the resort.

Defendant terminated plaintiff on September 12, 2003. Porter states that after plaintiff was terminated, defendant split the administrative assistant position into two positions, administrative assistant and front desk clerk. Porter states that the two women who replaced plaintiff were twenty-five years old or younger and "fit the desired 'image' of youthful beauty that Mr. Riley and Mr. Bissell desired to portray." Porter Aff. at 4.

## STANDARDS

The court must grant summary judgment if there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). If the moving party shows that there are no genuine issues of material fact, the nonmoving party must go beyond

the pleadings and designate facts showing an issue for trial. Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).

**DISCUSSION**

Plaintiff has the initial burden of establishing a prima facie case, requiring her to present evidence that she was (1) a member of a protected class; (2) performing her job in a satisfactory manner; (3) discharged; and (4) replaced either by someone outside of the protected class or substantially younger with equal or inferior qualifications. Nidds v. Schindler Elevator Corp., 113 F.3d 912, 917 (9th Cir. 1996).

If the plaintiff establishes a prima face case, the burden then shifts to the employer to show a legitimate, nondiscriminatory reason for its employment decision. See McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973). The burden then shifts back to the plaintiff to show that the employer's stated reason was pretextual. See id. at 804.[2]

Here, defendant contends that it is entitled to summary judgment. Defendant argues that plaintiff has not made a prima facie case of discrimination because she has not presented evidence that she was satisfactorily performing her job, or that she was replaced by an employee with equal or inferior qualifications. Defendant also contends that even if plaintiff has made out a prima facie case, defendant has shown

---

[2]For purposes of this motion, the same analysis applies to plaintiff's claim under Oregon law. See Williams v. Federal Express Corp., 211 F. Supp. 2d 1257, 1261 (D. Or. 2002).

ORDER - 5

that its reasons for terminating plaintiff were not pretextual.

Taking the evidence in the light most favorable to plaintiff, I conclude that a jury could find that defendant discriminated against plaintiff because of her age. Plaintiff has shown that there are disputed issues of material fact, precluding summary judgment.

## CONCLUSION

As indicated in the court's order of May 26, 2005, defendant's motion for summary judgment (#19) is denied.

DATED this 3rd day of June, 2005.

/s/  John Jelderks  
John Jelderks  
U.S. Magistrate Judge